IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DENNIS L. SMITH, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 20-852-LPS |
| | : | |
| MICHAEL L. TIPSORD, et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

1. **Introduction.** Plaintiff Dennis L. Smith ("Plaintiff" or Smith"), who proceeds *pro se*, filed this civil rights action on June 25, 2020. (D.I. 1) On February 12, 2021, the Court entered an order that denied several motions filed by Plaintiff, gave him until on or before March 12, 2021 to file a response to Defendants' motion to dismiss, and ordered Plaintiff to show cause why certain unserved defendants should not be dismissed. (D.I. 16) In turn, Plaintiff filed motions for relief from the order pursuant to Fed. R. Civ. P. 60(b)(3) and (4). (D.I. 19, 20) To date, he has not responded to Defendants' motion to dismiss.

2. **Service.** Plaintiff was ordered to show cause why Defendants Gary L. Perlin, Debra L. Reed-Kiages, Pamela B. Strobel, Vicki A. O'Meara, Jody Boyer, and Janelle T. Boyer should not be dismissed as defendants for failure to serve process within 90 days of filing the complaint, pursuant to Fed. R. Civ. P. 4(m). Plaintiff responds that only State Farm Insurance and Michael Tipsord are defendants in this matter. (*See* D.I. 19 at 3; D.I. 20 at 4) He explains that he mistakenly named them as defendants, but later removed them by amendment. (D.I. 20 at 3) Given Plaintiff's representations, the Court finds he has presented cause for failure to serve. In

1

addition, Gary L. Perlin, Debra L. Reed-Kiages, Pamela B. Strobel, Vicki A. O'Meara, Jody Boyer, and Janelle T. Boyer will be dismissed as defendants.

3. **Federal Rule of Civil Procedure 60.** Plaintiff seeks relief under Rule 60(b)(3) and (b)(4). (D.I. 19, 20) Rule 60(b) provides that a party may file a motion for relief from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence by which due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;

(4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court, guided by accepted legal principles applied in light of all relevant circumstances. *See Pierce Assoc., Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988).

4. Rule 60(b)(3) provides for relief from judgment by reason of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct by an opposing party." Rule 60(b)(3) concerns litigation-related fraud perpetrated in the course of litigation that interferes with the process of adjudication. *See Roger Edwards, LLC v. Fiddes & Son Ltd.*, 427 F.3d 129, 134 (1st Cir. 2005). Typical Rule 60(b)(3) fraud cases involve fraud or misstatements perpetrated in the course of litigation or other misconduct aimed directly at the trial process. *See Tiller v. Baghdady*, 294 F.3d 277, 280 (1st Cir. 2002). Once such fraud is proved, the judgment may be set aside upon the movant's showing that the fraud "'substantially interfered with [the movant's] ability fully and fairly to prepare for, and proceed at, trial.'" *Id.* (citation omitted). To prevail, a "

2

movant must establish that the adverse party engaged in fraud or other misconduct, and that this conduct prevented the moving party from fully and fairly presenting his case." *Stridiron v. Stridiron*, 698 F. 2d 204, 207 (3d Cir. 1983). "In order to sustain the burden of proving fraud and misrepresentation under Rule 60(b)(3), the evidence must be clear and convincing," *Brown v. Pennsylvania R.R. Co.*, 282 F.2d 522, 527 (3d Cir. 1960) (citations omitted), and the motion must not "serve as an attempt to relitigate the merits," *Fleming v. New York Univ.*, 865 F.2d 478, 484 (2d Cir. 1989). Rule 60(b)(3) "is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 641 (5th Cir. 2005) (citation omitted).

5. Plaintiff contends that defense counsel attempted to trick him or committed intentional fraud regarding his failure to file a motion to dismiss within the relevant time-frame and that defense counsel lied to the Court. Nothing before the Court suggests that Defendants or their counsel engaged in fraud or other misconduct, or that Plaintiff has, in any way, been prevented from fully and fairly presenting his case.

6. Rule 60(b)(4) provides for relief from judgment if "the judgment is void." Under Rule 60(b)(4), " '[a] judgment is not void' . . . "simply because it is or may have been erroneous." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) (internal quotation marks omitted). "Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* (citations omitted). Having reviewed the matter, the Court finds that relief is not appropriate under Rule 60(b)(4).

7. **Motion to Dismiss.** Plaintiff is given one final opportunity to respond to Defendants' motion to dismiss should he chose to do so.

8. **Conclusion.** The Court: (1) finds cause why certain defendants were not served;

3

(2) will deny Plaintiff's motions for relief under Rule 60(b) (D.I. 19, 20); and (3) will give Plaintiff additional time to respond to Defendants' motion to dismiss. An appropriate order will be entered.

August 11, 2021
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE