## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

DENNIS SMITH,                            :
                                         :
            Plaintiff,                   :
                                         :
    v.                                   :  Civ. No.  20-852-LPS
                                         :
MICHAEL L. TIPSORD, Individually and as  :
Incumbent C.E.O. of State Farm Insurance, :
et al.,                                  :
                                         :
            Defendants.                  :

Dennis L. Smith, Dagsboro, Delaware, Pro Se Plaintiff.

Joseph J. Bellew, Esquire, White and Williams LLP, Wilmington, Delaware.  Counsel for
Defendants.


## MEMORANDUM OPINION


September 15, 2021
Wilmington, Delaware

STARK, U.S. District Judge:

## I.      INTRODUCTION

Plaintiff Dennis L. Smith ("Plaintiff"), who proceeds *pro se*, commenced this action on June 25, 2020.  He asserts jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343.  (D.I. 1)  Plaintiff filed an Amended Complaint on October 7, 2020.  (D.I. 4)  Before the court is Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6).  (D.I. 13)  Briefing is complete.

## II.     BACKGROUND

Plaintiff brings this action pursuant to 42 U.S.C. § 1981(b) and asserts a supplemental claim under Delaware law.  On June 25, 2018, Plaintiff was involved in an automobile accident when his car was rear-ended by Janelle T. Boyer ("Boyer").[1]  (D.I. 4 at 2)  Plaintiff was injured and received medical treatment.  (*Id.* at 3)

Plaintiff alleges State Farm Insurance Claim Specialist Ericka Beard ("Beard") made an implied promise when Plaintiff mutually agreed with a September 12, 2019 letter that stated in part, "upon receipt of this signed authorization we will be able to obtain records to assist us in the evaluation of your claim."  (D.I. 4 at 1-2)  Plaintiff telephoned Beard and asked for a written agreement to extend the time for Beard to receive all of Plaintiff's medical records.  (*Id.* at 2)  Beard would not agree to an extension of time and told Plaintiff that to protect his claim he should file a lawsuit on or before June 25, 2020, after which Plaintiff and Beard could begin negotiations and settlement.  (*Id.*)  Plaintiff alleges that he was offered a settlement without Defendants first reviewing

---

[1] The Amended Complaint alleges that Jody Boyer and Janelle T. Boyer are "direct/in-direct, vicariously liable, tortfeasors in this matter exclusively under the law" and Plaintiff reserves the right to file a supplemental claim under Delaware law for vexatious personal injury.  (D.I. 4 at 3)  On April 6, 2021, Plaintiff explained that he mistakenly named several defendants and later removed them through amendment.  (D.I. 20 at 3)  Both Boyers were dismissed as defendants on August 11, 2021.  (D.I. 22)

his medical records as agreed upon, in violation of 42 U.S.C. § 2000h-2.[2]  (*Id.* at 4)  Plaintiff alleges that Defendants State Farm Insurance ("State Farm") and State Farm Chief Executive Officer Michael L. Tipsord ("Tipsord") (together "Defendants") are vicariously liable for his injuries. Plaintiff seeks $1.5 million in compensatory damages as well as punitive damages.

Defendants move for dismissal for lack of subject matter jurisdiction, lack of diversity jurisdiction, lack of federal question jurisdiction, lack of personal jurisdiction over Tipsord, and failure to state a claim.  Plaintiff opposes on the grounds that this court's February 12, 2021 and August 11, 2021 Orders are void judgments and deprived him of his "due process of law, constitutional civil rights (Federal criminal code 18 U.S.C. § 242)."  (D.I. 23)

## III.   LEGAL STANDARDS

### A.   Rule 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits the dismissal of an action for "lack of subject matter jurisdiction."  A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction.  *See Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016).  A facial attack contests the sufficiency of the pleadings, whereas a factual attack contests the sufficiency of jurisdictional facts.  *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015).  When considering a facial attack, the court accepts a plaintiff's well-pleaded factual allegations as true and draws all reasonable inferences from those allegations in the plaintiff's favor.  *See In re Horizon Healthcare Services Inc. Data Breach Litigation*, 846 F.3d 625, 633 (3d Cir. 2017).

---

[2] Section 2000h-2 provides that "[w]henever an action has been commenced in any court of the United States seeking relief from the denial of equal protection of the laws under the Fourteenth Amendment to the Constitution on account of race, color, religion, sex or national origin, the Attorney General for or in the name of the United States may intervene in such action upon timely application if the Attorney General certifies that the case is of general public importance."  42 U.S.C. § 2000h-2.

When reviewing a factual attack, the court may weigh and consider evidence outside the pleadings. *See Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

**B.      Rule 12(b)(2)**

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, the court may dismiss a suit for lack of jurisdiction over the person.  When a defendant challenges a court's exercise of personal jurisdiction under Rule 12(b)(2), "the plaintiff bears the burden of establishing personal jurisdiction by a preponderance of the evidence and must do so by 'establishing with reasonable particularity sufficient contacts between the defendant and the forum state.'"  *Turner v. Prince Georges Cty. Pub. Sch.*, 694 F. App'x 64, 66 (3d Cir. 2017) (quoting *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)).  "To meet this burden, the plaintiff must produce 'sworn affidavits or other competent evidence,' since a Rule 12(b)(2) motion 'requires resolution of factual issues outside of the pleadings.'"  *Brasure's Pest Control, Inc. v. Air Cleaning Equip., Inc.*, 2018 WL 337747, at *1 (D. Del. Jan. 9, 2018) (quoting *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 67 n.9 (3d Cir. 1984)).  "[W]hen the court does not hold an evidentiary hearing on the motion to dismiss, [however], the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor."  *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004) (citation omitted).

To establish personal jurisdiction, a plaintiff must produce facts sufficient to satisfy two requirements by a preponderance of the evidence, one statutory and one constitutional.  *See Time Share*, 735 F.2d at 66; *Reach & Assocs. v. Dencer*, 269 F. Supp. 2d 497, 502 (D. Del. 2003).  With respect to the statutory requirement, the court must determine whether there is a statutory basis for jurisdiction under the forum state's long-arm statute.  *See IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998); *Reach & Assocs.*, 269 F. Supp. 2d at 502.  With respect to the Constitution,

3

the court must determine whether the exercise of jurisdiction comports with the defendant's right to due process. *See id.*; *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Under Delaware's long-arm statute, 10 Del. C. § 3104(c)(1)-(4), a court may exercise personal jurisdiction over a defendant when the defendant or its agent:

(1) Transacts any business or performs any character of work or service in the State;

(2) Contracts to supply services or things in this State;

(3) Causes tortious injury in the State by an act or omission in this State;

(4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State.

With the exception of (c)(4), the long-arm statute requires a showing of specific jurisdiction. *See Shoemaker v. McConnell*, 556 F. Supp. 2d 351, 354-55 (D. Del. 2008). Subsection (c)(4) confers general jurisdiction, which requires a greater extent of contacts, but allows the exercise of personal jurisdiction even when the claim is unrelated to the forum contacts. *See Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F. Supp. 1458, 1466 (D. Del. 1991).

If a defendant is found to be within the reach of the long-arm statute, the court must then analyze whether the exercise of personal jurisdiction comports with due process by determining whether the plaintiff has demonstrated that the defendant "purposefully avail[ed] itself of the privilege of conducting activities within the forum State," such that it should "reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) (citations omitted). The court may exercise specific jurisdiction consistent with due process when the plaintiff's cause of action arises from the defendant's activities in the forum state. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). The court may exercise general jurisdiction consistent

4

with due process when the plaintiff's cause of action is unrelated to the defendant's activities in the

forum state, so long as the defendant has "continuous and systematic contacts with the forum

state." *Applied Biosystems, Inc.*, 772 F. Supp. at 1470.

**C.      Rule 12(b)(6)**

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the

court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223

(3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant

is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d

1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the court may grant such a

motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and

viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna,*

*Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff

must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of*

*Shelby*, 574 U.S. 10 (2014). A complaint may not dismissed, however, for imperfect statements of

the legal theory supporting the claim asserted. *See id.* at 10. "In evaluating a motion to dismiss," the

court "may consider documents that are attached to or submitted with the complaint . . . 'matters

incorporated by reference or integral to the claim, items subject to judicial notice, matters of public

record, orders, [and] items appearing in the record of the case.'" *Buck v. Hampton Twp. Sch. Dist.*, 452

F.3d 256, 260 (3d Cir. 2006).

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief

above the speculative level on the assumption that the allegations in the complaint are true (even if

doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

## IV.     DISCUSSION

### A.     Subject Matter Jurisdiction

Defendants argue that the Complaint and Amended Complaint fail to satisfy the requirements for diversity jurisdiction. Pursuant to 28 U.S.C. § 1332(a)(1), federal district courts have subject matter jurisdiction when there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. For diversity jurisdiction to lie, the plaintiff cannot, at the time the action is filed, be a citizen of the same state as any of the defendants. *See Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013).

Both the Complaint and Amended Complaint name Janelle T. Boyer and Jody Boyer as Defendants. (D.I. 1, 4)  Plaintiff is a resident of Delaware and Defendants provided a collision report that indicates Janelle T. Boyer is also a resident of Delaware.  Therefore, diversity of citizenship was lacking when the Complaint and Amended Complaint were filed.

However, while the motion to dismiss was pending, Plaintiff indicated that he mistakenly named several defendants; all mistakenly-named defendants, including the non-diverse defendants, were dismissed on August 11, 2021.  (*See* D.I. 22)  Dismissal of the non-diverse defendants cured the jurisdictional defect. *See e.g., Cason v. Puerto Rico Elec. Power Auth.*, 770 F.3d 971 (1ˢᵗ Cir. 2014) (stating court has authority to allow dispensable non-diverse party to be dropped at any time).  Therefore, Defendants' motion to dismiss for lack of diversity jurisdiction will be denied.

Defendants also seek dismissal for lack of federal question jurisdiction.  As will be discussed below, as pled, the Amended Complaint does not state a claim under federal law.  Defendants' motion to dismiss on this ground will be granted.

## B.    Personal Jurisdiction

Defendants move to dismiss all claims against Tipsord for lack of personal jurisdiction. They argue that the Tipsord's conduct has no connection to the motor vehicle accident or to this forum.  In addition, they argue that there is no conduct by Tipsord, individually or as a member of the State Farm Board of Directors, that is connected to and/or related to the motor vehicle accident.  Plaintiff did not address personal jurisdiction in his opposition.

Even taking Plaintiff's averments as true, the Amended Complaint makes no mention of any action taken by Tipsord in Delaware.  As discussed above, when a defendant raises a personal jurisdiction defense, the plaintiff has the burden to establish with "reasonable particularity" sufficient contacts between the defendant and the forum state to support jurisdiction. *See Provident*

*Nat'l Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987).  Plaintiff made no argument in opposition to Defendants' motion to dismiss pursuant to Rule 12(b)(2).  Nor did Plaintiff present any competent evidence in support of his Amended Complaint to meet his burden of proof showing that this court has personal jurisdiction over Tipsord.  By failing to respond to Defendants' argument, Plaintiff did not provide this court with any additional information to warrant the exercise of personal jurisdiction over Tipsord; thus, he fails to meet his burden to establish that either specific or general personal jurisdiction exists.

Because Plaintiff has not demonstrated a basis for personal jurisdiction over Tipsord, the court will grant Defendants' motion to dismiss Tipsord for lack of personal jurisdiction.

### C.      Failure to State a Claim

Finally, Defendants move to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  The Amended Complaint alleges vicarious liability under 42 U.S.C. § 1985(3), alleges that Plaintiff is protected under 42 U.S.C. § 1981(b), and alleges that Defendants have vicarious liability as tortfeasors under State law.

Plaintiff failed to raise federal claims.  Section 1981 forbids discrimination on the basis of race in the making and enforcing of public and private contracts.  *See St. Francis College v. Al-Khazraji*, 481 U.S. 604, 609 (1987); *Pamintuan v. Nanticoke Mem'l Hosp.*, 192 F.3d 378, 385 (3d Cir. 1999).  The Amended Complaint fails to contain the elements necessary to state a claim under § 1981.

To state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege: "(1) a conspiracy of two or more persons; (2) motivated by racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of person to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or to the deprivation of any right or privilege of a citizen of the United States." *Petrosian v. Collins*, 479 F. App'x 409, 410 (3d Cir.

2012) (citation omitted). The Amended Complaint fails to allege Plaintiff's class, alleges vicarious liability under § 1983(3), and does not allege a constitutional deprivation. The Amended Complaint fails to allege the required elements to state a claim under § 1985(3).

Plaintiff's claims under Delaware law also fail. Plaintiff's state claims rest upon Defendants' alleged vicarious liability due to a car accident of its insured. The Amended Complaint, however, states none of the elements necessary to establish a claim for vicarious liability. *See Finkbiner v. Mullins*, 532 A.2d 609 (Del. Super. Ct. 1987) (discussing elements of vicarious liability). Moreover, "[u]nder Delaware law, an injured party may not bring a direct action against a liability insurer based upon the negligence of the insured." *Shipley v. Shaw*, 2007 WL 521813, at *2 (D. Del. Feb. 16, 2007). Nor may an injured third-party bring a direct action against a liability insurer of an insured before a determination of the insured's liability. *See id.* Furthermore, an insurer does not owe any duty to a third-party to negotiate a settlement in good faith. *See Swain v. State Farm Mut. Auto. Ins. Co.*, 2003 WL 22853415, at *1 (Del. Super. Ct. May 29, 2003). The duty of good faith runs only to the insured and not to an injured third-party. *See Hullinger v. Thompson*, 1992 WL 9307, at *1 (Del. Super. Ct. Jan. 9, 1992).

The Amended Complaint fails to state claims upon which relief can be granted. Therefore, the court will grant Defendants' motion to dismiss these claim. The court finds amendment futile.

### D.   Void Judgment

Plaintiff contends that the August 11, 2021 order is void because it is founded upon the court's February 12, 2021 judgment that is also void. (D.I. 23) Rule 60(b)(4) provides for relief from judgment if "the judgment is void." Under Rule 60(b)(4), "[a] judgment is not void . . . simply because it is or may have been erroneous." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) (internal quotation marks omitted). "Instead, Rule 60(b)(4) applies only in the rare

instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* (citations omitted).  Having reviewed Plaintiff's filings, the court finds that relief is not appropriate under Rule 60(b)(4).

## V.    CONCLUSION

For the above reasons, the court will grant in part and deny in part Defendants' motion to dismiss (D.I. 13), and will dismiss the Amended Complaint.  Amendment is futile.

An appropriate Order will be entered.